**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2173
_____

UNITED STATES OF AMERICA

v.

STEFANO SAIENNI, a/k/a Fano,
                                                            Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1-22-cr-00054-002)
District Judge: Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 8, 2024
_____

Before: MATEY, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Filed: July 26, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Stefano Saienni challenges his sentence for distributing and conspiring to distribute narcotics. Seeing no clear error, we will affirm the District Court's judgment.

**I.**

William Ebert was found dead of an overdose the day after purchasing fentanyl pills from Saienni. When police searched the house where Ebert's body was found, they found fentanyl-laced pills and a powdery substance containing fentanyl. Saienni admitted to law enforcement agents that he sold Ebert pills that likely contained fentanyl, and Saienni later pleaded guilty to distribution of and conspiracy to distribute a controlled substance containing fentanyl.[1]

A presentence investigation report (PSR) recommended an advisory Guidelines sentence of 10 to 16 months' imprisonment, but the United States moved for an upward departure, arguing that Saienni was responsible for Ebert's death. The District Court granted the prosecution's motion and rejected Saienni's argument that Saienni did not provide the drugs that led to Ebert's death. The District Court found that the prosecution showed by a preponderance of the evidence that the pills Saienni delivered to Ebert caused Ebert's death. So the District Court sentenced Saienni to 90 months' imprisonment, which fell within the recalculated Guidelines range of 78 to 97 months.[2]

---

[1] In violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the factual findings supporting a Guidelines calculation for clear error, *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc), and we review the "reasonableness of the degree of [a] departure" from the Guidelines for abuse of discretion, *United States v. Yeaman*,

## II.

Saienni argues that the District Court erred in granting the prosecution's departure motion. Because the District Court's decision to grant the prosecution's motion required factual findings, we review those findings for clear error. *See United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). Under clear error review, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Caraballo*, 88 F.4th 239, 244 (3d Cir. 2023) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985)).

The District Court did not commit clear error. Ebert bought fentanyl from Saienni two days before his death and purchased more pills from Saienni the night before he died. Text messages between Saienni and Ebert show that Saienni believed the pills contained fentanyl, Saienni admitted to law enforcement officers that the pills likely contained fentanyl, and fentanyl pills and powder were found in the house where Ebert's body was found. Viewing the record as a whole, the District Court plausibly concluded that Saienni's drug sale caused Ebert's death. The District Court thus did not commit clear error by granting the motion for upward departure.[3]

---

194 F.3d 442, 456 (3d Cir. 1999). Where the "asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

[3] Nor was the District Court's sentence procedurally unreasonable. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The District Court's revised

\* \* \*

For these reasons, we will affirm the District Court's judgment.



Guideline calculation was proper, and the District Court considered the factors in 18 U.S.C. § 3553(a) and discussed the reasons for the sentence it imposed at length on the record.